US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JUN 13 2016

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MITCHELL PURDOM     PLAINTIFF

VS.     NO. 16-3072 PKH

ROGER MORGAN in his official capacity as     DEFENDANTS
City Attorney for Mountain Home; and DON LEWIS and
JUDY LEWIS, Individually and in their capacity as trustees
of the Lewis Family Trust

## COMPLAINT

COMES NOW Plaintiff Mitchell Purdom by and through his attorneys, Legal Aid of Arkansas, UALR Bowen Legal Clinic, and Brandon Buskey of the American Civil Liberties Union, for his Complaint against the above named defendants, Roger Morgan, in his official capacity as City Attorney for Mountain Home, Arkansas ("City Attorney"), and Don and Judy Lewis, individually and in their capacity as co-trustees of the Lewis Family Trust, does allege and state as follows:

### INTRODUCTION

#### Nature of the Action Against City Attorney Roger Morgan

1. The Plaintiff brings this lawsuit under 42 U.S.C. § 1983 to challenge the Defendant's unconstitutional policy and practice of prosecuting individuals for failing to vacate rental property under Section 18-16-101 of the Arkansas Code.

2. By conditioning jail time on whether a defendant has paid a court fee, and by allowing a landlord to convert an otherwise civil landlord-tenant dispute into a criminal prosecution, Ark. Code Ann. § 18-16-101 violates state and federal constitutional bans on debtors' prisons, impermissibly chills a defendant's right to a trial, constitutes cruel and unusual

1

punishment under both state and federal constitutions, and denies due process under state and federal constitutions.

3. As a result of these violations, the Plaintiff seeks a temporary restraining order and preliminary injunction to enjoin Defendant Morgan from filing charges against the Plaintiff pursuant to Ark. Code Ann. § 18-16-101 during the pendency of this action; a permanent injunction to enjoin Defendant from filing charges against Plaintiff pursuant to Ark. Code Ann. § 18-16-101, henceforth; attorney's fees and costs; and a declaration that Ark. Code Ann. § 18-16-101 violates both the United States Constitution and the Arkansas Constitution.

### Nature of the Action Against the Lewises

4. This is an action for a declaratory judgment, permanent injunctive relief, and damages for discrimination on the basis of handicap in the provision of housing. This action arises under Fair Housing Act of 1968, as amended, 42 U.S.C. § 3601 et seq.

5. Defendants Don and Judy Lewis, through the Lewis Family Trust, own and manage Mitchell Purdom's rental house. Purdom has lived at the Lewises' property since November 2015, and he continues to reside there.

6. Defendants, Don and Judy Lewis, discriminated against Mr. Purdom on the basis of handicap by refusing Purdom's reasonable accommodation request to modify their "no pets" policy to allow him to obtain an emotional support animal. The Lewises further discriminated against Purdom by taking steps to initiate a "criminal eviction" in direct response to his reporting of the initial discrimination to the Arkansas Fair Housing Commission.

### JURISDICTION AND VENUE

7. This Court has jurisdiction over the claims against the City Attorney pursuant to 28 U.S.C. §§ 1331(a) and 1343(a)(3). The Plaintiff raises additional claims under the

Constitution of the State of Arkansas. This Court has jurisdiction over the Arkansas constitutional claims under 28 U.S.C. § 1367. This Court has authority to grant declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202 and Rules 57 and 65 of the Federal Rules of Civil Procedure.

8. The Court has jurisdiction over the claims against the Lewises pursuant to 42 U.S.C. § 3613.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the events upon which the Complaint is based took place in this district.

10. The Plaintiff's ability to enforce rights secured under the United States Constitution is conferred by 42 U.S.C. § 1983.

11. The Plaintiff's ability to enforce rights secured under the Arkansas Constitution is conferred by Ark. Code Ann. § 16-123-105.

## PARTIES

12. Plaintiff Mitchell Purdom is a natural person and is a resident of Baxter County, Arkansas.

13. Defendant Roger Morgan is the City Attorney for Mountain Home, Arkansas. The City Attorney is a city official elected pursuant to Ark. Code Ann. § 14-43-314. The City Attorney has authority to prosecute, in the name of the State of Arkansas, misdemeanor offenses that occur within the municipality of Mountain Home. Ark. Code Ann. § 16-21-115. Roger Morgan (or his successor in office) is named in his official capacity as City Attorney for the city of Mountain Home.

14. Defendants Don and Judy Lewis are co-trustees of the Lewis Family Trust, which owns the house located at 949 Tanglewood in Mountain Home, Arkansas 72653. This house is

currently leased to Purdom. The Lewises, through the Lewis Family Trust, own at least five (5) single family houses in Mountain Home.

## FACTUAL ALLEGATIONS

### I. FACTS RELATING TO PLAINTIFF

15. Plaintiff Mitchell Purdom's sole source of income is Social Security Disability in the amount of $1,200 a month.

16. Purdom and the Lewises entered into a 12 month written lease agreement for a house located at 949 Tanglewood, Mountain Home, Arkansas on November 3, 2015.

17. The agreed upon monthly rent payment is $750.00. The rent is due on or by the third day of each month.

18. Purdom moved into the house on or about November 3, 2015.

19. Paragraph six of the lease agreement states that the tenant is not allowed to have a pet.

20. Purdom is diagnosed with severe depression. In order to cope with his depression, Purdom takes several medications and attends a weekly therapy session with a clinical psychologist.

21. On April 8, 2016, Purdom's clinical psychologist, Phillip W. Brown, Ph.D., drafted a letter recommending Purdom be allowed to keep an emotional support dog wherever he lives.

22. According to Dr. Brown, Purdom needs the dog to help cope with depression brought on by feelings of social isolation.

23. Purdom gave Dr. Brown's letter to the Lewises on April 8, 2016.

4

24. The Lewises refused to accept the letter and told Purdom that he was not allowed to have a dog.

25. In May 2016, Purdom contacted the Arkansas Fair Housing Commission ("AFHC") and filed a complaint against Lewises for their failure to grant his reasonable accommodation request. The AFHC began investigating shortly thereafter.

26. After the Lewises learned of the Fair Housing investigation, they approached Purdom with an amended lease agreement on June 2, 2016. The amended lease agreement stated Purdom would be allowed an emotional support animal if he paid a non-refundable $500.00 pet deposit.

27. When Purdom refused to sign the amended Lease Agreement or pay the $500.00 pet deposit, the Lewises immediately handed Purdom a 10-day notice to vacate pursuant to Ark. Code Ann. § 18-16-101.

28. Purdom tendered his rent payment for June 2016 in early May. The Lewises accepted the payment and were to hold Purdom's check until rent became due on June 3, 2016. However, the Lewises returned Purdom's check simultaneously as they served Purdom with the 10-day notice to vacate on June 2, 2016.

29. Purdom has tendered all rent due under his lease agreement.

30. Purdom continues to reside at the subject property.

## II. STATUTORY BACKGROUND REGARDING "CRIMINAL EVICTION"

31. Arkansas is the only state in the country that criminalizes the eviction process.

32. Under Ark. Code Ann. § 18-16-101 (the "Criminal Eviction Statute"), a tenant who is one day late on rent may be ordered, by his landlord, to vacate the premises within 10 days. If the tenant fails to do so, he is guilty of a misdemeanor and must pay a fine of $25 for

each day[1] that he failed to vacate the premises following the expiration of the 10-day notice period. Ark. Code Ann. § 18-16-101(b)(1)-(2).

33. However, if a tenant wishes to plead not guilty and to remain in his home, the statute requires that he deposit the disputed rent amount into the registry of the court ("Registry Fee"), and must continue making rental payments during the pendency of the legal proceedings. Ark. Code Ann. § 18-16-101(c)(1).[2] If the tenant is found not guilty, the Registry Fee is returned to him. If he is convicted, he is found guilty of an unclassified misdemeanor, must pay a statutory fine of $25 per day the tenant failed to vacate, and the Registry Fee is handed over to the landlord. Ark. Code Ann. § 18-16-101(c)(2), (3).

34. If a tenant does not or cannot pay the Registry Fee, and if he enters a plea of not guilty and is subsequently convicted—or pleads guilty or *nolo contendere*—he is guilty of a Class B misdemeanor, which carries a jail sentence of up to 90 days and a fine of up to $1,000. Ark. Code Ann. § 18-16-101(c)(3); Ark. Code Ann. § 5-4-401.

35. Thus, for tenants who wish to remain in their homes and challenge the charges leveled against them under the Criminal Eviction Statute, the amount of fines and the severity of the conviction they face are determined by whether the tenants can pay the Registry Fee.

36. Under the Criminal Eviction Statute, charges may be filed against the tenant solely on the grounds of a landlord's affidavit, filed with their county prosecutor or city attorney,

---

[1] When originally enacted in 1901, the statute authorized only a variable fine of between $1 and $25 for each day the tenant failed to vacate. In 2001, the legislature changed the fee to a flat $25 per day, added the pre-adjudication fee, and defined a Class B misdemeanor for defendants who do not pay that fee. Neither this Court nor any Arkansas appellate court has ever ruled on the constitutionality of the 2001 amendments.

[2] This payment must be made "in accordance with the rental agreement between the landlord and the tenant, whether the agreement is written or oral." Ark. Code Ann. § 18-16-101(c)(1).

stating that (1) the tenant did not pay rent on time and (2) the tenant failed to vacate the premises within the 10-day notice period. There is no review of the affidavit by an impartial magistrate.

37. Further, there is no hearing at which the tenant may contest the mandatory payment of the Registry Fee. Instead, he must pay the Registry Fee or risk being convicted of a greater crime, facing incarceration, and paying additional criminal penalties.

38. Arkansas's criminalization of tenant evictions lags behind the standards of decency of every other state in the country. Every other state in the nation treats evictions as purely civil matters.

39. Additionally, a bi-partisan, non-legislative commission charged by the legislature in 2012 with examining Ark. Code Ann. § 18-16-101 recommended its full repeal. Ark. Gen. Assembly Non-Legis. Comm'n For The Study of Landlord-Tenant Laws Rep. at 17 (2012), *reprinted in* 35 U. Ark. Little Rock. L. Rev. 739 (2013).

40. At the federal level, the United States Department of Housing and Urban Development has barred the statute's use by landlords who accept Section 8 vouchers, as well as in federally-subsidized housing. *Id.* at 16.

41. Arkansas state courts are increasingly rejecting the statute. In January 2015, the Pulaski County Circuit Court declared that Ark. Code Ann. § 18-16-101 violated both the state and federal constitutions. *State v. Smith*, Pulaski County Circuit Court Case No. 2014-2707. Pulaski County was previously responsible for the majority of prosecutions under the statute in Arkansas.

42. Since that ruling, two additional state circuit judges have ruled the statute unconstitutional. *State v. Jones*, Poinsett County Circuit Court Case No. 2014-389; *State v. Bledsoe*, Woodruff County Circuit Court Case No. 2014-77-2.

43. These decisions have dramatically reduced the number of prosecutions under Ark. Code Ann. §18-16-101 across most of the state of Arkansas. Prosecutions are now brought only in a few outlier jurisdictions.

44. The Mountain Home City Attorney prosecutes tenants under the Criminal Eviction Statute.

45. Criminal eviction cases are brought in Mountain Home's district court. The Baxter County District Court is a county level court with jurisdiction to hear misdemeanor criminal cases when the alleged conduct occurred within the City of Mountain Home. The Baxter County District Court is not a court of record.

46. The Mountain Home division of Baxter County District Court has heard 25 prosecutions of criminal eviction cases since May 1, 2015.

## CAUSES OF ACTION AGAINST THE CITY ATTORNEY

### COUNT ONE
*Violation of Procedural Due Process Under the United States Constitution*

47. The Plaintiff realleges and incorporates by reference all the allegations contained in the paragraphs above.

48. The Plaintiff has a property interest in the rental property leased, as well as an interest in the disputed amount of rent that must be placed with the registry of the court as a Registry Fee.

49. Due process requires that the Plaintiff be provided a meaningful opportunity to challenge any deprivation, by a state actor, of their property interest. The statute's requirement that the Plaintiff forego his fundamental property and liberty interests in order to challenge the charges leveled against him under Ark. Code Ann. § 18-16-101 violates the due process guarantees of the Constitution of the United States of America.

8

50. By requiring the Plaintiff to pay the Registry Fee in order to contest the charges brought against him pursuant to Ark. Code Ann. § 18-16-101, the Defendant has deprived the Plaintiff of the procedural due process guaranteed by the Constitution of the United States of America.

### COUNT TWO
*Violation of Procedural Due Process Under the Arkansas Constitution*

51. The Arkansas State Constitution states: No person shall be taken, or imprisoned, or disseized of his estate, freehold, liberties or privileges; or outlawed, or in any manner destroyed, or deprived of his life, liberty or property; except by the judgment of his peers, or the law of the land; nor shall any person, under any circumstances, be exiled from the State. Ark. Const. art. II, § 21.

52. The Plaintiff has a property interest in the rental property leased, as well as an interest in the disputed amount of rent that must be placed with the registry of the court as a Registry Fee. Due process requires that the Plaintiff be provided a meaningful opportunity to challenge any deprivation, by a state actor, of their property interest. The statute's requirement that the Plaintiff forego his fundamental property and liberty interests in order to challenge the charges leveled against him under Ark. Code Ann. § 18-16-101 violates the due process guarantees of the Arkansas Constitution

53. By requiring the Plaintiff to pay the Registry Fee in order to contest the charges brought against him pursuant to Ark. Code Ann. § 18-16-101, the Defendant has deprived the Plaintiff of the procedural due process guaranteed by the Arkansas Constitution.

## COUNT THREE
### *Violation of Constitutional Right to Trial*

54. The Plaintiff realleges and incorporates by reference all the allegations contained in the paragraphs above.

55. The requirement that the Plaintiff either vacate or surrender the Registry Fee to plead not guilty impermissibly chills a citizen's due process right to trial guaranteed by the Fifth and Sixth Amendments to the Constitution of the United States of America.

56. Ark. Code Ann. § 18-16-101 establishes a coercive scheme that penalizes those who wish to maintain their innocence in a criminal action. Such burdens clearly prohibit the Plaintiff from freely exercising his due process right to trial.

## COUNT FOUR
### *Violation of the Prohibition on Debtors' Prisons*
### *Set Forth in Article II, Section 16 of the Arkansas Constitution*

57. The Plaintiff realleges and incorporates by reference all the allegations contained in the paragraphs above.

58. The Arkansas Constitution states that "[n]o person shall be imprisoned for debt in any civil action…unless in case of fraud." Ark. Const. art. 2, § 16.

59. By criminalizing the non-payment of a civil debt, Ark. Code Ann. § 18-16-101 violates Arkansas's ban on debtors' prisons. Indeed, the statute conditions jail time on a defendant paying "a sum equal to the amount of rent due on the premises." Ark. Code Ann. § 18-16-101(c). Because the statute allows for imprisonment for failure to pay this debt, in the absence of a finding of fraud, it directly contravenes the Arkansas Constitution.

60. Because Ark. Code Ann. § 18-16-101 threatens the Plaintiff with incarceration (1) because of his lack of means and (2) because of a civil debt allegedly owed, it violates the Arkansas Constitution.

## COUNT FIVE
### *Violation of the Prohibition on Debtors' Prisons Found in the United States Constitution*

61. The Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution prohibit jailing a defendant for being too poor to pay a fee. However, Ark. Code Ann. § 18-16-101 makes no provision for the criminal defendant who cannot pay the Registry Fee.

62. Because Ark. Code Ann. § 18-16-101 threatens the Plaintiff with incarceration (1) because of his lack of means and (2) because of a civil debt allegedly owed, it violates the United States Constitution.

## COUNT SIX
### *Violation of the Prohibition of Cruel and Unusual Punishment Under The United States Constitution*

63. The Plaintiff realleges and incorporates by reference all the allegations contained in the paragraphs above.

64. The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishments.

65. Criminalizing eviction proceedings, and shackling the accused with unwieldy fines as a prerequisite for maintaining their innocence, is constitutionally unsound at the state and federal level, and the Defendants' use of Ark. Code Ann. § 18-16-101 impermissibly proscribes the Plaintiff's right to prohibition from cruel and unusual punishment.

## COUNT SEVEN
### *Violation of the Prohibition of Cruel and Unusual Punishment Under the Arkansas Constitution*

66. Article 2, section 9 of the Arkansas Constitution prohibits cruel and unusual punishments.

67. Criminalizing eviction proceedings, and shackling the accused with unwieldy fines as a prerequisite for maintaining their innocence, is constitutionally unsound at the state and federal level, and the Defendants' use of Ark. Code Ann. § 18-16-101 impermissibly proscribes the Plaintiff's right to prohibition from cruel and unusual punishment.

## CLAIMS AGAINST THE LEWISES

### COUNT EIGHT
*Violation of the Fair Housing Act - 42 U.S.C. § 3604.*

68. The Plaintiff realleges and incorporates by reference all the allegations contained in the paragraphs above.

69. The Fair Housing Act prohibits discrimination based upon handicap in rental housing.

70. The Act defines discrimination to include "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

71. The Plaintiff is handicapped as described in 42 U.S.C. § 3602(h).

72. The conduct of the Lewises' including, but not limited to, the conduct set forth above constitutes a violation of the Fair Housing Act as described in 42 U.S.C. § 3604.

73. The Plaintiff suffered damages as a result of the Lewises' conduct.

### COUNT NINE
*Violation of the Fair Housing Act - 42 U.S.C. § 3617*

74. The Plaintiff realleges and incorporates by reference all the allegations contained in the paragraphs above.

75. Section 3617 of the Fair Housing Act makes it unlawful to "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 803, 804, 805, or 806 of this title."

76. The Lewises coerced, intimidated, threatened, and interfered with the right to exercise the protections of the Fair Housing Act when they began the criminal eviction process in response to Purdom's contacting the Arkansas Fair Housing Commission.

77. The conduct of the Lewises' including, but not limited to, the conduct described above constitutes retaliation and is a violation of the Fair Housing Act as described in 42 U.S.C. § 3617.

78. The Plaintiff suffered damages as a result of the Lewises' retaliatory conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Purdom asks this Court to:

A. issue a temporary restraining order and preliminary injunction to enjoin the City Attorney from filing charges against Plaintiff pursuant to Ark. Code Ann. § 18-16-101 during the pendency of this action;

B. issue a permanent injunction to enjoin the City Attorney from filing charges against the Plaintiff pursuant to Ark. Code Ann. § 18-16-101;

C. issue a temporary restraining order, preliminary, and permanent injunction to enjoin the Lewises from any further actions to evict the Plaintiff;

D. enter a declaratory judgment declaring that the acts of the City Attorney complained of herein violate the United States Constitution, as alleged in each of the applicable, enumerated counts;

E. enter a declaratory judgment declaring that the acts of the City Attorney complained of herein violate the Arkansas Constitution, as alleged in the applicable, enumerated counts;

F. enter a declaratory judgment declaring the acts of the Lewises complained of herein violate the Fair Housing Act, as alleged in the application, enumerated counts;

G. assess actual and punitive damages against the Lewises pursuant to 42 U.S.C. § 3613 (c)(1);

H. award the Plaintiff attorney's fees and costs pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 3613 (c)(2); and

I. grant such other relief as the Court deems just and equitable.

Dated: June 13, 2016

Respectfully submitted, Mitchell Purdom

By: /s/ Tyler Farrar

/s/ Jason Auer (Ark. Bar No. 2011304) (Lead Attorney)
Tyler R. Farrar (Ark. Bar No. 2014048)
LEGAL AID OF ARKANSAS
1200 Henryetta Street
Springdale, AR 72762
Telephone: (800) 967-9224
jauer@arlegalaid.org
tfarrar@arlegalaid.org


/s/ Amy Pritchard (Bar No. 2010058)
UALR BOWEN LEGAL CLINIC
1201 McMath Avenue
Little Rock, AR 72202
Telephone: (501) 324-9966
apritchard@ualr.edu

/s/ Brandon Buskey* (AL ASB2753-A50B)
American Civil Liberties Union Foundation
Criminal Law Reform Project
125 Broad Street, 18th FL
New York, NY 10004
(212) 549-2654
bbuskey@aclu.org
*Pro hac vice pending

*Attorneys for Plaintiff*