US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JUN 1 3 2016

DOUGLAS F. YOUNG, Clerk
By        Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION**

**MITCHELL PURDOM**                                             **PLAINTIFF**

**V.**                                    **Case No.:** 16- 3072

**DON LEWIS and JUDY LEWIS, et al.**                          **DEFENDANTS**

### AFFIDAVIT OF MITCHELL PURDOM

COMES NOW the undersigned and states on oath:

1. I am a resident of Mountain Home, Arkansas.

2. I am disabled. As a result of my disability, I have not worked since 2011. My sole source of income is monthly Social Security Disability payments in the amount of $1,200 which I began receiving in 2013.

3. On or about October of 2015, I was searching for new housing. I stopped in front of a house to ask for directions from a man that I later learned was Mr. Don Lewis. Mr. Lewis told me that he had just bought the home he was standing in front of, and it would be available to rent. He said he was "looking for a single man with no kids" and would like to rent to me.

4. I decided to rent Mr. Lewis's house because it was in a secluded, nice neighborhood, and the house had a yard.

5. On November 3, 2015, I entered into a written lease agreement with Don and Judy Lewis for a residential home located at 949 Tanglewood, Mountain Home, Arkansas. I took possession of the residence on November 3, 2015. I currently live alone.

6. I suffer from severe depression and other mental illnesses. In order to treat these conditions, I have to take medication. Since 2013, I have seen a clinical psychologist weekly.

1

7. Due to my conditions, I wasn't leaving the house very often. About a year ago, my therapist recommended that I consider getting an emotional support animal. He believed that an animal would help me and encourage me to leave the house.

8. In 2015, I gave my previous landlord a letter from my therapist, and my landlord waived its pet deposit requirements and allowed me to have an emotional support animal. I got an American Eskimo dog, who I named Frankie.

9. Frankie greatly improved my quality of life by making it much easier to deal with the symptoms of my depression. Frankie offered me companionship, which offset feelings of social isolation. Frankie sensed when my mood shifted downward and would come close to me. This allowed me to deflect my negative feelings, and it prevented me from falling further into the clutches of the down cycles of my depression.

10. Frankie also helped me interact with people. Personal interaction is difficult for me due to my condition. When I walked Frankie, people would talk to me. I would converse with them. These conversations greatly improved my mood and lessened my depression. Without my dog, it is less common for me to engage in conversations. Frankie taught me about human needs and taught me to love.

11. The Lewises' lease agreement stated that no pets were allowed in the residence. I therefore felt compelled to give away my dog when I moved into the Lewises' property. About a week before I moved into my new home, I ran an ad in the newspaper and found a new home for Frankie.

12. After giving away Frankie, my feelings of isolation began to return. I discussed this with my therapist, and on April 8, 2016, he wrote a letter suggesting I keep an emotional support animal for companionship purposes and to help with my ongoing treatment.

13. That same day, I presented the letter to my landlords. I was told by Mr. and Mrs. Lewis that I was still not allowed to have an animal in the residence.

14. On or about May 16, 2016, I contacted the Arkansas Fair Housing Commission ("AFHC") to report Mr. and Mrs. Lewis's refusal to allow me to have a support animal. I learned about AFHC after researching my legal rights on the internet.

15. When I got home at 10:00 p.m. on June 2, 2016, I found Mr. Lewis waiting for me. He had received a letter from the AFHC regarding my complaint and was upset that I had complained to a government agency.

16. Mr. Lewis presented me with an amended copy of our lease agreement with a new clause that had been hand-written in, stating that I could have an emotional support animal if I agreed to pay a $500 non-refundable, pet deposit. I informed Mr. Lewis that I could not afford to pay an additional $500.

17. When I told him I couldn't afford a pet fee, Mr. Lewis said "we have a second option." He then handed me a 10 day notice to vacate the property, which he had brought with him. He also returned the rent check to me that I had previously given the Lewises to hold and deposit when it was due on June 3rd. Mr. Lewis stated that he never would have rented to me if he had known about my mental condition from the beginning.

18. The eviction notice stated that I had 10 days to vacate or face criminal prosecution pursuant to Arkansas Code Annotated 18-16-101. The reason on the notice to vacate was failure to pay rent, which is untrue because the Lewises had the rent check in hand when they gave me the notice.

19. My understanding is that the Lewises claim that I owe them about $1,600 in rent. I contest this amount. I feel that I have tendered them all required rent.

20. I am not guilty of failure to pay rent/refusal to vacate. If charged, my desire would be to plead not guilty and seek an acquittal.

21. I cannot pay the registry fee required under Arkansas Code Annotated 18-16-101(c). The amount required would be more than my monthly income.

3

22. I want to stay in my current home. An eviction would be devastating for me. I do not have sufficient income to move, and I fear that I will become homeless if I am forced to leave. I also do not have the ability to handle the emotional stress that being displaced would cause me. As an insulin dependent diabetic, I do not believe I could adequately care for myself on the streets. Being forced to leave my home will aggravate my depression, disrupt my medical treatment plan, and place me in danger of physical harm and illness.

23. My lawyers have explained to me the potential consequences of failure to pay the required registry fee. I feel that I cannot risk jail time or a higher fine in order to maintain my innocence in state court. Aside from this lawsuit, my only viable option is to leave my home voluntarily without contesting the Lewises' allegations.

24. I am still residing at the residence as of the date of this Affidavit.

**FURTHER YOUR AFFIANT SAYETH NOT.**

STATE OF ARKANSAS      )
                       )SS
COUNTY OF BAXTER       )

Mitchell Purdom
Mitchell Purdom

6-12-16
Date

Subscribed and sworn to before me this 12th day of June, 2016.

Notary Public

My Commission Expires:
2-2-2021

Ardel Richter - #12380256
Notary Public - Arkansas
Baxter County
Comm. Expires 02/02/2021

4