IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**MITCHELL PURDOM**                                                          **PLAINTIFF**

VS.                                                   **NO. 16-cv-3072 TLB**

**ROGER MORGAN in his official capacity as**                        **DEFENDANTS**
**City Attorney for Mountain Home; and DON LEWIS and**
**JUDY LEWIS, Individually and in their capacity as trustees**
**of the Lewis Family Trust**

## PLAINTIFF PURDOM AND DEFENDANT MORGAN'S STIPULATION OF UNDISPUTED FACTS

COMES NOW Plaintiff Mitchell Purdom by and through his attorneys, Legal Aid of Arkansas, UALR Bowen Legal Clinic, and Brandon Buskey of the American Civil Liberties Union, and Roger Morgan, in his official capacity as city attorney for Mountain Home, Arkansas ("City Attorney") and submit the following stipulation of facts to facilitate the resolution of Plaintiff's claims challenging the constitutionality of Ark. Code Ann. § 18-16-101.

                I.        Statement of Undisputed Facts

For use in this litigation and for no other purpose, Plaintiff Purdom and Defendant Morgan stipulate to the following statement of undisputed facts:

      1.       Plaintiff Mitchell Purdom is a natural person and is a resident of the city of Mountain Home, in Baxter County, Arkansas.

      2.       Defendant Roger Morgan is the City Attorney for Mountain Home, Arkansas. The City Attorney is a city official elected pursuant to Ark. Code Ann. § 14-43-314. The City Attorney has authority to prosecute, in the name of the State of Arkansas, misdemeanor offenses that occur within the municipality of Mountain Home. Ark. Code Ann. § 16-21-115. Roger

1

Morgan (or his successor in office) is named in his official capacity as City Attorney for the city of Mountain Home. Defendant Morgan makes no claim that he has personal knowledge of each stipulated fact below, and he maintains that his office did not file criminal charges against Plaintiff Purdom prior to this lawsuit.

3. Arkansas is the only state in the country that criminalizes the eviction process. Every other state in the nation treats evictions as purely civil matters.

4. Under Ark. Code Ann. § 18-16-101 (the "Criminal Eviction Statute"), a tenant who is one day late on rent may be ordered, by his landlord, to vacate the premises within 10 days. If the tenant fails to do so, and is convicted, he is guilty of a misdemeanor and must pay a fine of $25 for each day[1] that he failed to vacate the premises following the expiration of the 10-day notice period. Ark. Code Ann. § 18-16-101(b)(1)-(2).

5. However, if a tenant wishes to plead not guilty and to remain in his home, the statute requires that he deposit the disputed rent amount into the registry of the court ("Registry Fee"), and that he must continue making rental payments during the pendency of the legal proceedings. Ark. Code Ann. § 18-16-101(c)(1).[2] If the tenant is found not guilty, the Registry Fee is returned to him. If he is convicted, he is found guilty of an unclassified misdemeanor, must pay a statutory fine of $25 per day the tenant failed to vacate, and the Registry Fee is handed over to the landlord. Ark. Code Ann. § 18-16-101(c)(2), (3).

---

[1] When originally enacted in 1901, the statute authorized only a variable fine of between $1 and $25 for each day the tenant failed to vacate. In 2001, the legislature changed the fee to a flat $25 per day, added the pre-adjudication fee, and defined a Class B misdemeanor for defendants who do not pay that fee. No federal or Arkansas appellate court has ever ruled on the constitutionality of the 2001 amendments.

[2] This payment must be made "in accordance with the rental agreement between the landlord and the tenant, whether the agreement is written or oral." Ark. Code Ann. § 18-16-101(c)(1).

6. If a tenant does not or cannot pay the Registry Fee, and if he enters a plea of not guilty and is subsequently convicted—or pleads guilty or *nolo contendere*—he is guilty of a Class B misdemeanor, which carries a jail sentence of up to 90 days and a fine of up to $1,000. Ark. Code Ann. § 18-16-101(c)(3); Ark. Code Ann. § 5-4-401.

7. Thus, for tenants who wish to remain in their homes and challenge the charges leveled against them under the Criminal Eviction Statute, the law requires that the amount of fines and the severity of the conviction they face are determined by whether the tenants can pay the Registry Fee.

8. Under the Criminal Eviction Statute, charges may be filed against the tenant solely on the grounds of a landlord's affidavit, filed with their county prosecutor or city attorney, stating that (1) the tenant did not pay rent on time and (2) the tenant failed to vacate the premises within the 10-day notice period. The statute requires no review of the affidavit by an impartial magistrate prior to the filing of charges.

9. Further, the statute provides no hearing at which the tenant may contest the mandatory payment of the Registry Fee. Instead, the statute requires that he must pay the Registry Fee or risk being convicted of a greater crime, facing incarceration, and paying additional criminal penalties.

10. Additionally, a bi-partisan, non-legislative commission charged by the legislature in 2012 with examining Ark. Code Ann. § 18-16-101 recommended its full repeal. Ark. Gen. Assembly Non-Legis. Comm'n For The Study of Landlord-Tenant Laws Rept at 17 (2012), *reprinted in* 35 U. ARK. LITTLE ROCK L. REV. 739 (2013).

11. At the federal level, the United States Department of Housing and Urban Development has barred the statute's use by landlords who accept Section 8 vouchers, as well as in federally-subsidized housing. *Id.* at 16.

12. In January 2015, the Pulaski County Circuit Court declared that Ark. Code Ann. § 18-16-101 violated both the state and federal constitutions. *State v. Smith*, Pulaski County Circuit Court Case No. 2014-2707. Pulaski County was previously responsible for the majority of prosecutions under the statute in Arkansas.

13. Since that ruling, two additional state circuit judges have ruled the statute unconstitutional. *State v. Jones*, Poinsett County Circuit Court Case No. 2014-389; *State v. Bledsoe*, Woodruff County Circuit Court Case No. 2014-77-2.

14. These decisions have significantly reduced the number of prosecutions under Ark. Code Ann. §18-16-101 across most of the state of Arkansas. Prosecutions are now brought only in a few jurisdictions.

15. The Mountain Home City Attorney has jurisdiction to prosecute tenants under the Criminal Eviction Statute for offenses that occur in the city of Mountain Home.

16. Criminal eviction cases are heard in Mountain Home's district court. The Baxter County District Court is a county level court with jurisdiction to hear misdemeanor criminal cases when the alleged conduct occurred within the City of Mountain Home. The Baxter County District Court is not a court of record.

17. On November 3, 2015, Plaintiff entered into a written lease agreement with Defendants for a residential home located at 949 Tanglewood, Mountain Home, Arkansas. He took possession of the residence on November 3, 2015.

18. On June 2, 2016, Defendants Lewis served the Plaintiff with a 10-day notice to vacate pursuant to Ark. Code Ann. § 18-16-101, claiming Plaintiff owed them approximately $1,600 in unpaid rent.

19. Plaintiff asserts that he has made timely rent payments throughout his lease term and thus is not guilty under the failure to vacate statute.

20. However, Plaintiff cannot afford to pay the registry fee of $1,600 required to contest the charges and to avoid a potential jail sentence or increased fine under the statute.

21. On June 13, 2016, the Plaintiff filed a Complaint seeking, in part, a temporary and permanent injunction enjoining charges from being brought against Plaintiff Purdom under Ark. Code Ann. § 18-16-101, and a declaratory judgment that Ark. Code Ann. § 18-16-101 violates both the United States Constitution and the Arkansas Constitution. Plaintiff believed this lawsuit was his only viable means to avoid being forced to vacate his home and risk homelessness before formal charges were brought against him.

22. Based upon a joint motion by Plaintiff Purdom and Defendant Morgan, on July 8, 2016, this Court entered a preliminary injunction enjoining the City Attorney from enforcing Ark. Code Ann. § 18-16-101 against Mr. Purdom during the pendency of this action and issued a thirty day stay of proceedings as to Mr. Morgan.

The parties agree to the above stipulations of agreed facts.

Respectfully submitted, Mitchell Purdom

By:


/s/ Jason Auer (Ark. Bar No. 2011304)
LEGAL AID OF ARKANSAS
1200 Henryetta Street
Springdale, AR 72762
Telephone: (800) 967-9224 ext. 6318
jauer@arlegalaid.org

/s/ Amy Pritchard (Bar No. 2010058)
UALR BOWEN LEGAL CLINIC
1201 McMath Avenue
Little Rock, AR 72202
Telephone: (501) 324-9966
apritchard@ualr.edu

/s/ Brandon Buskey* (AL ASB2753-A50B)
American Civil Liberties Union Foundation
Criminal Law Reform Project
125 Broad Street, 18th FL
New York, NY 10004
(212) 549-2654
bbuskey@aclu.org

*Attorneys for Plaintiff*

_____
Roger L. Morgan ABN: 85113
JOHNSON, SANDERS & MORGAN
P.O. Box 2308
Mountain Home, AR 72654
(870) 425-2126
rlm@johnsonsandersmorgan.com

*Defendant*

7