IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**MITCHELL PURDOM**                                                                                                                    **PLAINTIFF**

**V.**                                        **CASE NO. 3:16-CV-3072**

**ROGER MORGAN in his official capacity
as City Attorney for Mountain Home; and
DON LEWIS and JUDY LEWIS, individually
and in their capacity as trustees of the
Lewis Family Trust**                                                                                                                 **DEFENDANTS**

### OPINION AND ORDER ADDING *AMICUS CURIAE* AND ADMINISTRATIVELY STAYING THE CASE

On June 13, 2016, Plaintiff Mitchell Purdom brought this lawsuit challenging the constitutionality of an Arkansas statute that criminalizes a tenant's failure to pay rent. *See* Ark. Code Ann. § 18-16-101. On July 8, 2016, this Court entered "a preliminary injunction enjoining Mr. Morgan in his official capacity from enforcing Ark. Code Ann. § 18-16-101 against Mr. Purdom during the pendency of this action." (Doc. 23). Mr. Morgan is the only Defendant remaining in this case. *See* Doc. 38 (dismissing with prejudice all claims against Defendants Don and Judy Lewis pursuant to the terms of a settlement agreement).

On August 22, 2016, Mr. Purdom filed an Unopposed Motion for Declaratory and Injunctive Relief (Doc. 33), along with a Brief in Support (Doc. 33-1) and joint Stipulation of Undisputed Facts (Doc. 34), essentially seeking summary judgment on his claims against Mr. Morgan. The Court received oral argument on the Motion at a hearing on October 17, 2016, and requested supplemental briefing on whether the case was still justiciable under Article III of the United States Constitution, given the non-adversarial

1

stance of the remaining parties. After receiving this supplemental briefing, see Doc. 41, and pondering the matter further, the Court decided to solicit *amicus curiae* briefing from the Arkansas Attorney General ("the AG") in defense of the challenged statute, in order to sharpen the presentation of the merits. See Doc. 42.

On January 4, 2017, the AG accepted this Court's invitation, but directed the Court's attention to Arkansas Senate Bill 25 ("the Bill"), which is currently pending in the Arkansas General Assembly and which, if enacted, would substantially amend Ark. Code Ann. § 18-16-101. See Doc 43, pp. 3–4. The AG opined that the Bill would likely moot "at least some, and possibly all, of the constitutional challenges levied in this case," and significantly alter the contours of any constitutional issues not mooted. See *id.* at 1. The AG added that it "closely monitors and in many cases heavily reviews legislation during legislative sessions," which "consumes a great deal of the office's personnel and resources." *Id.* at 2. Accordingly, the AG requested that this Court either:

> (1) issue a temporary *sua sponte* stay of this case pending notification of the final status of Senate Bill 25 in the 91st General Assembly, or (2) set a briefing schedule with deadlines beyond the conclusion of the legislative session, so that the parties may properly account for the passage of Senate Bill 25 (if that occurs) in their briefing on the constitutionality of Ark. Code Ann. § 18-16-101.

*Id.*

On January 5, 2017, counsel for Mr. Purdom informed the Court that they "welcome the [AG]'s participation," but that they "object to the [AG]'s request that the Court stay merits briefing pending the General Assembly's consideration of Senate Bill 25." See Doc. 44, p. 1. Mr. Purdom's counsel contends that the Bill "is irrelevant to this lawsuit" because it does not currently contain any language imposing its terms retroactively and because Arkansas law "may" prohibit the inclusion of any such

2

retroactivity provision in the Bill. *See id.* He further argues that a lengthy briefing schedule would be inappropriate because the AG should prioritize "[d]efending the constitutionality of enacted legislation in federal court" over "monitoring pending bills" in the General Assembly. *See id.* at 2. The Court has reviewed the authority Mr. Purdom's counsel cites in support of these arguments, and can only say at this time that it is not immediately obvious to the Court whether Mr. Purdom is correct or incorrect as a matter of law.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55. This Court favors speedy resolution of the cases before it, and is generally very reluctant to enter administrative stays pending resolution of matters in other forums. *Cf. Mojica v. Securus Techs., Inc.*, 2015 WL 429997, at *3–*4 (W.D. Ark. Jan. 29, 2015) (declining to stay putative class actions involving issues within the primary jurisdiction of the Federal Communications Commission, where the resolution of such issues had already been pending before that agency for nearly fifteen years with no clear end in sight). But the stay proposed by the AG in the instant case would last only a few months, and it would have a clearly defined end-point: the enactment of the Bill into law or the conclusion of the present legislative session in the Arkansas General Assembly, whichever is earlier. Either of those events will bring further clarity to the issues being litigated in this case, and implementing a brief stay while those events come to fruition would avoid the risk

that the Court and the parties might otherwise expend unnecessary resources in the meantime. Furthermore, the stay would not prejudice Mr. Purdom, because the previously-entered preliminary injunction protecting him from prosecution under the challenged law would remain in effect at all times throughout the stay's pendency.

**IT IS THEREFORE ORDERED** that upon receipt of an appropriate Notice of Appearance from the Arkansas Attorney General as *amicus curiae*, the Clerk of the Court shall take appropriate steps to ensure that the Arkansas Attorney General receives electronic notification of all future activity in this case.

**IT IS FURTHER ORDERED** that immediately following the Arkansas Attorney General's entry of appearance, this case shall be stayed until the Arkansas General Assembly concludes its current legislative session or a law is enacted amending Ark. Code Ann. § 18-16-101, whichever is earlier. Any party having knowledge of the occurrence of either of these events shall promptly file a notice on the docket of such event's occurrence and request that this case be reopened. The Preliminary Injunction entered in this case on July 8, 2016 (Doc. 23) shall remain in effect throughout the stay.

**IT IS SO ORDERED** on this 11th day of January, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE