IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MITCHELL PURDOM                                                       PLAINTIFF

V.                         CASE NO. 3:16-CV-3072

ROGER MORGAN in his official capacity
as City Attorney for Mountain Home; and
DON LEWIS and JUDY LEWIS, individually
and in their capacity as trustees of the
Lewis Family Trust                                    DEFENDANTS

and

LESLIE RUTLEDGE, Arkansas Attorney General         AMICUS CURIAE

## OPINION AND ORDER

On January 10, 2017, this Court entered an Order administratively staying this case until the enactment of Senate Bill 25, which was then pending in the Arkansas General Assembly, and which would amend Ark. Code Ann. § 18-16-101, the statute being challenged by Plaintiff Mitchell Purdom in this case. *See* Doc. 45. On February 17, 2017, Mr. Purdom informed the Court that the bill in question was enacted as Act 159 on February 14, 2017, amending Ark. Code Ann. § 18-16-101. *See* Doc. 48. Accordingly, Mr. Purdom requested "that the Court end the current administrative stay and issue a briefing schedule" on his pending Motion for Declaratory and Injunctive Relief (Doc. 33). *See* Doc. 48, ¶ 4. On February 21, 2017, Amicus Curiae Arkansas Attorney General Leslie Rutledge ("the AG") filed a Response, agreeing that the bill was enacted as Act 159, and that it amends Ark. Code Ann. § 18-16-101. *See* Doc. 49. The AG further

pointed out that Act 159 is currently expected to become effective on August 4, 2017. *See id.* at ¶ 2.

The AG contends that Mr. Purdom's claims are mooted by Act 159, and that as amended by Act 159, Ark. Code Ann. § 18-16-101 comports with older authority upholding its constitutionality. *See id.* at ¶¶ 1, 3. Presumably, Mr. Purdom disagrees. *See* Doc. 44. The AG posits that before the Court sets any briefing schedule on Mr. Purdom's still-pending Motion for Declaratory and Injunctive Relief (Doc. 33), Mr. Purdom should "be required to amend his complaint to specify which constitutional challenges, if any, he intends to bring against Section 18-60-101 as amended by Act 159, and articulate any such challenges in light of Act 159." (Doc. 49, ¶ 5). And if Mr. Purdom declines to amend his complaint, the AG contends his complaint should be dismissed as moot. *Id.*

The Court agrees that Mr. Purdom should be required to amend his complaint to set forth what challenges, if any, he intends to bring against Ark. Code Ann. § 18-16-101 as amended by Act 159. However, in light of the apparent disagreement between Mr. Purdom and the AG as to whether or to what extent Act 159 moots Mr. Purdom's original claims, the Court does not believe he should be prohibited from including in his amended complaint any of the challenges brought in his original complaint against the pre-Act 159 version of Ark. Code Ann. § 18-16-101. In other words, the Court intends to impose a deadline by which Mr. Purdom must file an amended complaint, setting forth all constitutional challenges he wishes to bring (and all corresponding relief he wishes to seek) against Ark. Code Ann. § 18-16-101, whether in its pre-Act 159 form, or as amended by Act 159, or both. Mr. Purdom's amended complaint should not include any

claims against original Defendants Don Lewis and Judy Lewis, as his claims against them have already been settled and dismissed with prejudice. (Doc. 38).[1]

The filing of this amended complaint will necessarily moot Mr. Purdom's currently-pending Motion for Declaratory and Injunctive Relief (Doc. 33), since that Motion is premised on the claims brought in Mr. Purdom's original complaint, which will be superseded by his amended complaint. However, should Mr. Purdom and/or Defendant Roger Morgan wish to move for summary judgment on Mr. Purdom's amended complaint—whether pursuant to a joint stipulation of facts as before, see Doc. 34, or under some other circumstance—then Mr. Purdom will certainly be permitted to re-raise any of the arguments he previously raised in support of his Motion for Declaratory and Injunctive Relief (Doc. 33), to whatever extent they are necessary to support the claims brought in his amended complaint. In the event that a dispositive motion on the amended complaint is filed by any party, the AG will be permitted to file a response. Any such motion or response should address not only the merits but also the justiciability of the claims on which judgment is sought.

**IT IS THEREFORE ORDERED** that Plaintiff Mitchell Purdom shall file his amended complaint, as described above, by no later than **March 15, 2017.** Immediately upon the filing of Mr. Purdom's amended complaint, the Court will lift the administrative stay, and will direct the Clerk of the Court to re-open this case.

**IT IS FURTHER ORDERED** that the Preliminary Injunction entered in this case on July 8, 2016 (Doc. 23), enjoining Mr. Morgan in his official capacity from enforcing Ark.

---

[1] Of course Mr. Purdom should nevertheless plead whatever facts relating to the Lewises' conduct he believes are necessary to support his constitutional challenges to the statute.

3

Code Ann. § 18-16-101 against Mr. Purdom, shall remain in effect throughout the pendency of this action.

**IT IS SO ORDERED** on this \_\_22ND\_\_ day of February, 2017.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE