IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

| | | |
|---|---|---|
| MITCHELL PURDOM | | PLAINTIFF |
| VS. | NO. 3:16-CV-3072-TLB | |
| ROGER MORGAN in his official capacity as<br>City Attorney for Mountain Home | | DEFENDANT |

## AMENDED COMPLAINT

Plaintiff Mitchell Purdom, through his attorneys, Legal Aid of Arkansas, University of Arkansas at Little Rock Bowen Legal Clinic, and Brandon Buskey of the American Civil Liberties Union Foundation, for his Amended Complaint against Roger Morgan, in his official capacity as City Attorney for Mountain Home, Arkansas ("City Attorney"), states as follows:

## INTRODUCTION

1. The Plaintiff brings this lawsuit under 42 U.S.C. § 1983 to challenge the constitutionality of prosecuting individuals for failing to vacate rental property under Section 18-16-101 of the Arkansas Code.

2. By conditioning jail time on whether a defendant has paid a court fee, and by allowing a landlord to convert an otherwise civil landlord-tenant dispute into a criminal prosecution, Ark. Code Ann. § 18-16-101 violates state and federal constitutional bans on debtors' prisons, impermissibly chills a defendant's right to a trial, constitutes cruel and unusual punishment under both state and federal constitutions, and denies due process under state and federal constitutions.

3. As a result of these violations, the Plaintiff requests a permanent injunction to enjoin Defendant from filing charges against Plaintiff pursuant to Ark. Code Ann. § 18-16-101;

and a declaration that Ark. Code Ann. § 18-16-101 violates both the United States Constitution and the Arkansas Constitution.

4. Plaintiff also challenges the application of Act 159 of 2017, which, while repealing the requirement that tenants pay a fee to maintain their innocence, still criminalizes civil disputes between landlords and tenants.

5. Plaintiff seeks a declaratory judgment pronouncing that Act 159 of 2017 is not retroactive under Arkansas law, that retroactive application of the law would violation the prohibition against ex post facto laws, and that Act 159 otherwise violates the federal constitution. Plaintiff further seeks a permanent injunction prohibiting his prosecution under Act 159.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims against the City Attorney pursuant to 28 U.S.C. §§ 1331(a) and 1343(a)(3). The Plaintiff raises additional claims under Arkansas law. This Court has jurisdiction over the Arkansas claims under 28 U.S.C. § 1367. This Court has authority to grant declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202 and Rules 57 and 65 of the Federal Rules of Civil Procedure.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the events upon which the Complaint is based took place in this district.

8. The Plaintiff's ability to enforce rights secured under the United States Constitution is conferred by 42 U.S.C. § 1983.

## PARTIES

9. Plaintiff Mitchell Purdom is a natural person, and he is a resident of Baxter County, Arkansas.

10. Defendant Roger Morgan is the City Attorney for Mountain Home, Arkansas. The City Attorney is a city official elected pursuant to Ark. Code Ann. § 14-43-314. The City Attorney has authority to prosecute, in the name of the State of Arkansas, misdemeanor offenses that occur within the municipality of Mountain Home. Ark. Code Ann. § 16-21-115. Roger Morgan (or his successor in office) is named in his official capacity as City Attorney for the city of Mountain Home.

## FACTUAL ALLEGATIONS

### I. FACTS RELATING TO PLAINTIFF

11. Plaintiff Mitchell Purdom's sole source of income is Social Security Disability in the amount of $1,200 a month.

12. Purdom and his landlords, Don and Judy Lewis, entered into a 12-month written lease agreement for a house located at 949 Tanglewood, Mountain Home, Arkansas on November 3, 2015.

13. The agreed upon monthly rent payment was $750.00. The rent was due by the third day of each month.

14. Purdom moved into the house on or about November 3, 2015.

15. Paragraph Six of the lease agreement states that the tenant is not allowed to have a pet.

16. Purdom is diagnosed with severe depression. In order to cope with his depression, Purdom takes several medications and attends a weekly therapy session with a clinical psychologist.

17. On April 8, 2016, Purdom's clinical psychologist, Phillip W. Brown, Ph.D., drafted a letter recommending that Purdom keep an emotional support dog wherever he lives.

18. According to Dr. Brown, Purdom needs the dog to help cope with depression brought on by feelings of social isolation.

19. Purdom gave Dr. Brown's letter to the Lewises on April 8, 2016.

20. The Lewises refused to accept the letter and told Purdom that he was not allowed to have a dog.

21. In May 2016, Purdom contacted the Arkansas Fair Housing Commission ("AFHC") and filed a complaint against Lewises for their failure to grant his reasonable accommodation request. The AFHC began investigating shortly thereafter.

22. After the Lewises learned of the Fair Housing investigation, they approached Purdom with an amended lease agreement on June 2, 2016. The amended lease agreement stated Purdom would be allowed an emotional support animal if he paid a non-refundable $500.00 pet deposit.

23. When Purdom refused to sign the amended Lease Agreement or pay the $500.00 pet deposit, the Lewises immediately handed Purdom a 10-day notice to vacate pursuant to Ark. Code Ann. § 18-16-101.

24. Purdom tendered his rent payment for June 2016 in early May. The Lewises accepted the payment and were to hold Purdom's check until rent became due on June 3, 2016. However, the Lewises returned Purdom's check simultaneously as they served Purdom with the 10-day notice to vacate on June 2, 2016.

25. Purdom filed the original Complaint in this action on June 13, 2016. The Court entered a temporary restraining order on June 17, 2016, preventing Defendant Morgan from prosecuting Purdom under § 18-16-101. The Court subsequently entered a preliminary injunction against Defendant Morgan on July 8, 2016, which is still in effect.

26. At the time of the filing of the original Complaint, Purdom was current on his rent.

27. Purdom vacated the property on August 8, 2016, nearly two months after the notice-to-vacate period.

28. The Mountain Home City Attorney prosecutes tenants under the Criminal Eviction Statute.

29. Criminal eviction cases are brought in Mountain Home's district court. The Baxter County District Court is a county level court with jurisdiction to hear misdemeanor criminal cases when the alleged conduct occurred within the City of Mountain Home. The Baxter County District Court is not a court of record.

30. The Mountain Home division of Baxter County District Court heard 25 prosecutions of criminal eviction cases between May 1, 2015 and June 9, 2016.

**II. STATUTORY BACKGROUND REGARDING "CRIMINAL EVICTION"**

31. Arkansas is the only state in the country that criminalizes the eviction process.

32. Under Ark. Code Ann. § 18-16-101 (the "Criminal Eviction Statute"), a tenant who is one day late on rent may be ordered, by his landlord, to vacate the premises within 10 days. If the tenant fails to do so, he is guilty of a misdemeanor and must pay a fine of $25 for each day that he failed to vacate the premises following the expiration of the 10-day notice period. Ark. Code Ann. § 18-16-101(b)(1)-(2).

33. However, if a tenant wishes to plead not guilty and to remain in his home, the statute requires that he deposit the disputed rent amount into the registry of the court ("Registry Fee"), and continue making rental payments during the pendency of the legal proceedings. Ark.

Code Ann. § 18-16-101(c)(1).[1] If the tenant is found not guilty, the Registry Fee is returned to him. If he is convicted, he is found guilty of an unclassified misdemeanor, must pay a statutory fine of $25 per day the tenant failed to vacate, and the Registry Fee is handed over to the landlord. Ark. Code Ann. § 18-16-101(c)(2), (3).

34. If a tenant does not or cannot pay the Registry Fee, then enters a plea of not guilty and is subsequently convicted—or pleads guilty or *nolo contendere*—he is guilty of a Class B misdemeanor, which carries a jail sentence of up to 90 days and a fine of up to $1,000. Ark. Code Ann. § 18-16-101(c)(3); Ark. Code Ann. § 5-4-401.

35. Thus, for tenants who wish to remain in their homes and challenge the charges, the amount of fines and the severity of the conviction they face are determined by whether the tenants can pay the Registry Fee.

36. Under the Criminal Eviction Statute, charges may be filed against the tenant solely on the grounds of a landlord's affidavit, stating that (1) the tenant did not pay rent on time and (2) the tenant failed to vacate the premises within the 10-day notice period.

37. There is no hearing at which the tenant may contest the mandatory payment of the Registry Fee. Instead, he must pay the Registry Fee or risk being convicted of a greater crime, facing incarceration, and paying additional criminal penalties.

38. Arkansas's criminalization of tenant evictions lags behind the standards of decency of every other state in the country. Every other state in the nation treats evictions as purely civil matters.

39. Additionally, a bi-partisan, non-legislative commission charged by the legislature in 2012 with examining Ark. Code Ann. § 18-16-101 recommended its full repeal. Ark. Gen.

---

[1] This payment must be made "in accordance with the rental agreement between the landlord and the tenant, whether the agreement is written or oral." Ark. Code Ann. § 18-16-101(c)(1).

6

Assembly Non-Legis. Comm'n For The Study of Landlord-Tenant Laws Rept at 17 (2012), *reprinted in* 35 U. ARK. LITTLE ROCK L. REV. 739 (2013).

40. At the federal level, the United States Department of Housing and Urban Development has barred the statute's use by landlords who accept Section 8 vouchers, as well as in federally-subsidized housing. *Id.* at 16.

41. Arkansas state courts are increasingly rejecting the statute. In January 2015, the Pulaski County Circuit Court declared that Ark. Code Ann. § 18-16-101 violated both the state and federal constitutions. *State v. Smith*, Pulaski County Circuit Court Case No. 2014-2707. The decision invalidated the statute in its entirety, preventing Pulaski County courts from hearing any criminal eviction cases, irrespective of the registry fee. Pulaski County was previously responsible for the majority of prosecutions under the statute in Arkansas.

42. Since that decision, two additional state circuit judges have ruled the statute unconstitutional in its entirety, eliminating both the registry and non-registry provisions of the law. *State v. Jones*, Poinsett County Circuit Court Case No. 2014-389; *State v. Bledsoe*, Woodruff County Circuit Court Case No. 2014-77-2.

43. These decisions dramatically reduced the number of prosecutions under Ark. Code Ann. §18-16-101 across most of the state of Arkansas. Prosecutions are now brought only in a few outlier jurisdictions.

44. The Arkansas Legislature has partially rejected § 18-16-101, while continuing to criminalize the civil eviction process. Act 159 of 2017 eliminated the registry requirement and the Class B misdemeanor for failing to pay the registry fee.

45. However, Act 159 now authorizes a separate criminal offense for each day a tenant fails to vacate the property. For each offense, the statute authorizes the judge to impose a

fine between $1 and $25.  The statute does not cap or otherwise limit either the number of convictions or total fines a defendant may face.

46.	Act 159 is scheduled to go into effect on August 4, 2017.  It does not contain any provision applying its terms retroactively to conduct committed before its effective date.

## CAUSES OF ACTION AGAINST THE CURRENT VERSION OF § 18-16-101

### COUNT ONE

*Violation of Procedural Due Process Under the United States Constitution*

47.	The Plaintiff realleges and incorporates by reference all the allegations contained in the paragraphs above.

48.	The Plaintiff has a property interest in the rental property leased, as well as an interest in the disputed amount of rent that must be placed with the registry of the court as a Registry Fee.

49.	Due process requires that the Plaintiff be provided a meaningful opportunity to challenge any deprivation, by a state actor, of their property interest.  The statute's requirement that the Plaintiff forego his fundamental property and liberty interests in order to challenge the charges leveled against him under Ark. Code Ann. § 18-16-101 violates the due process guarantees of the Constitution of the United States of America.

50.	By requiring the Plaintiff to pay the Registry Fee in order to contest the charges brought against him pursuant to Ark. Code Ann. § 18-16-101, the Defendant has deprived the Plaintiff of the procedural due process guaranteed by the Constitution of the United States of America.

## COUNT TWO

### *Violation of Constitutional Right to Trial*

51. The Plaintiff realleges and incorporates by reference all the allegations contained in the paragraphs above.

52. The requirement that the Plaintiff either vacate or surrender the Registry Fee to plead not guilty impermissibly chills a citizen's due process right to trial guaranteed by the Fifth and Sixth Amendments to the Constitution of the United States of America.

53. Ark. Code Ann. § 18-16-101 establishes a coercive scheme that penalizes those who wish to maintain their innocence in a criminal action. Such burdens clearly prohibit the Plaintiff from freely exercising his due process right to trial.

## COUNT THREE

### *Violation of the Prohibition on Debtors' Prisons*
### *Set Forth in Article II, Section 16 of the Arkansas Constitution*

54. The Plaintiff realleges and incorporates by reference all the allegations contained in the paragraphs above.

55. The Arkansas Constitution states that "[n]o person shall be imprisoned for debt in any civil action…unless in case of fraud." Ark. Const. art. 2, § 16.

56. By criminalizing the non-payment of a civil debt, Ark. Code Ann. § 18-16-101 violates Arkansas's ban on debtors' prisons. Indeed, the statute conditions jail time on a defendant paying "a sum equal to the amount of rent due on the premises." Ark. Code Ann. § 18-16-101(c). Because the statute allows for imprisonment for failure to pay this debt, in the absence of a finding of fraud, it directly contravenes the Arkansas Constitution.

57. Because Ark. Code Ann. § 18-16-101 threatens the Plaintiff with incarceration (1) because of his lack of means and (2) because of a civil debt allegedly owed, it violates the Arkansas Constitution.

### COUNT FOUR

*Violation of the Prohibition on Debtors' Prisons Found in the United States Constitution*

58. The Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution prohibit jailing a defendant for being too poor to pay a fee. However, Ark. Code Ann. § 18-16-101 makes no provision for the criminal defendant who cannot pay the Registry Fee.

59. Because Ark. Code Ann. § 18-16-101 threatens the Plaintiff with incarceration (1) because of his lack of means and (2) because of a civil debt allegedly owed, it violates the United States Constitution.

### COUNT FIVE

*Violation of the Prohibition of Cruel and Unusual Punishment*
*Under The United States Constitution*

60. The Plaintiff realleges and incorporates by reference all the allegations contained in the paragraphs above.

61. The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishments.

62. Criminalizing eviction proceedings, and shackling the accused with unwieldy fines as a prerequisite for maintaining their innocence, is constitutionally unsound at the state and federal level, and the Defendants' use of Ark. Code Ann. § 18-16-101 impermissibly proscribes the Plaintiff's right to prohibition from cruel and unusual punishment.

# CAUSES OF ACTION AGAINST ACT 159 OF 2017

## COUNT ONE

*Violation of Ark. Code Ann. § 5-1-103(e)*

63. The Plaintiff realleges and incorporates by reference all the allegations contained in the paragraphs above.

64. Unless the legislature expressly provides otherwise, "[w]hen all or part of a statute defining a criminal offense is amended or repealed, the statute or part of the statute that is amended or repealed remains in force for the purpose of authorizing the prosecution, conviction, and punishment of a person committing an offense under the statute or part of the statute prior to the effective date of the amending or repealing act." Ark. Code Ann. § 5-1-103(e).

65. Act 159 of 2017, which amends Ark. Code Ann. § 18-16-101, does not contain any provision applying its new terms retroactively.

66. Plaintiff Purdom allegedly violated the criminal eviction statute in June 2016, over a year prior to the anticipated August 5, 2017, effective date of Act 159. Therefore, under Arkansas law, Plaintiff can only be prosecuted under the version of § 18-16-101 in effect in June 2016, and he cannot be prosecuted under Act 159 once that law becomes effective.

## COUNT TWO

*Violation of the Ex Post Facto Clause of the United States Constitution*

67. The Plaintiff realleges and incorporates by reference all the allegations contained in the paragraphs above.

68. The Ex Post Facto Clause of Article I, Section 9 of the United States Constitution prohibits states from retroactively increasing an individual's punishment above that authorized by the law in effect at the time the offense was committed.

69. At the time Plaintiff allegedly violated the criminal eviction statute in June 2016, § 18-16-201 authorized a single conviction for failing to vacate, regardless of the number of days a tenant failed to vacate. The maximum fine for an undesignated misdemeanor conviction under the statute was $100. *See* Ark. Code Ann. § 5-1-108.

70. Act. 159 authorizes a new conviction for each day a tenant fails to vacate and a variable fine between $1 and $25 for each offense. It thus exposes a defendant to multiple convictions for what previously constituted a single offense, while removing any statutory cap on the fine a defendant faces.

71. Because a prosecution under Act 159 would objectively disadvantage Plaintiff Purdom, the statute is an unconstitutional ex post facto law as applied to him.

### COUNT THREE

*Violation of Due Process Clause of Fourteenth Amendment*

72. The Plaintiff realleges and incorporates by reference all the allegations contained in the paragraphs above.

73. Act 159 does not contain any mechanism to limit liability due to random or arbitrary factors that may delay an adjudication, meaning each day of delay from such factors increases the number of convictions and fines a defendant faces.

74. Act 159 thus violates the Fourteenth Amendment's guarantee of due process because, once the statute's 10-day notice period expires, a defendant who remains on the property can have no notice of how many charges they will ultimately face, nor any means of contesting additional convictions that result from delays in the criminal adjudication.

## COUNT FOUR

### *Violation of Constitutional Right to Trial*

75. The Plaintiff realleges and incorporates by reference all the allegations contained in the paragraphs above.

76. Act 159 impermissibly chills Plaintiff's due process right to trial guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States of America by increasing without limit the number of convictions and total fines faced by those who maintain their innocence in a criminal action, precisely because they elect to plead not guilty and for as long as they insist on a trial.

## COUNT FIVE

### *Violation of Prohibition Against Cruel and Unusual Punishment Under Eighth Amendment*

77. The Plaintiff realleges and incorporates by reference all the allegations contained in the paragraphs above.

78. The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishments.

79. Act 159, by criminalizing eviction proceedings, and by exposing the accused to unlimited convictions and fines as punishment for maintaining their innocence, violates Plaintiff's right to prohibition from cruel and unusual punishment.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Purdom asks this Court to:

A. Enter a declaratory judgment declaring that the current version of § 18-16-101 violates the United States Constitution, as alleged in each of the applicable, enumerated counts;

B. Enter a declaratory judgment declaring that the current version of § 18-16-101 violates the Arkansas Constitution, as alleged in the applicable, enumerated counts;

C. Enter a declaratory judgment declaring that Act 159 of 2017 violates the United States Constitution and Arkansas law, as alleged in each of the applicable, enumerated counts;

D. Issue an injunction prohibiting Defendant Morgan, in his official capacity, from enforcing the current version of § 18-16-101 against Plaintiff Purdom;

E. Issue an injunction prohibiting Defendant Morgan, in his official capacity, from enforcing Act 159 of 2017 against Plaintiff Purdom;

F. Grant such other relief as the Court deems just and equitable.

Dated: March 13, 2007

    Respectfully submitted, Mitchell Purdom

    By:

        Amy Pritchard
        UALR BOWEN LEGAL CLINIC
        1201 McMath Avenue
        Little Rock, Arkansas 72202
        (501) 324-9966
        apritchard@ualr.edu

        Jason Auer
        LEGAL AID OF ARKANSAS
        1200 Henryetta Street
        Springdale, Arkansas 72762
        (800) 967-9224 ext. 6318
        jauer@arlegalaid.org

        Brandon Buskey
        American Civil Liberties Union Foundation
        Criminal Law Reform Project
        125 Broad Street, 18th Floor
        New York, New York 10004
        (212) 549-2654
        bbuskey@aclu.org

        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I do hereby certify that on March 13, 2017, a true and correct copy of the foregoing Plaintiff's Amended Complaint was served via with the CM/ECF system electronic system on Defendant Roger Morgan.

/s/ Brandon J. Buskey, AL ASB2753-A50B (Lead Attorney)
American Civil Liberties Union Foundation
Criminal Law Reform Project
125 Broad Street, 18th Floor
New York, NY 10004
212-284-7364
bbuskey@aclu.org