IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MITCHELL PURDOM                                                                         PLAINTIFF

V.                              CASE NO. 3:16-CV-3072

ROGER MORGAN in his official capacity
as City Attorney for Mountain Home; and
DON LEWIS and JUDY LEWIS, individually
and in their capacity as trustees of the
Lewis Family Trust                                                                      DEFENDANTS

and

LESLIE RUTLEDGE, Arkansas Attorney General                            AMICUS CURIAE

## OPINION AND ORDER

Currently before the Court are Plaintiff Mitchell Purdom's Motion for Summary Judgment (Doc. 53), Brief in Support (Doc. 53-1), and Statement of Undisputed Material Facts (Doc. 53-2); Amicus Curiae Leslie Rutledge's Brief in Opposition (Doc. 56); and Mr. Purdom's Reply (Doc. 58). In preparing to rule on Mr. Purdom's Motion, the Court has also reviewed his Supplemental Brief on Mootness and Jurisdiction (Doc. 41), which discusses many germane issues despite having been filed roughly half a year prior to his Motion. As explained below, Mr. Purdom's claims against Defendant Roger Morgan have become moot. Accordingly, his Motion is **DENIED**, and his claims against Mr. Morgan are **DISMISSED WITHOUT PREJUDICE**.

On November 3, 2015, Mr. Purdom rented and moved into a home owned by Don and Judy Lewis in Mountain Home, Arkansas. Mr. Purdom has been diagnosed with severe depression. For treatment, he takes medication and attends weekly therapy

1

sessions with a clinical psychologist. On April 8, 2016, his psychologist wrote a letter recommending that he obtain an emotional support dog to live with him. Mr. Purdom delivered this letter to the Lewises on that same day. The Lewises responded by informing Mr. Purdom that he would not be permitted to have a dog in his home.

Mr. Purdom complained to the Arkansas Fair Housing Commission ("AFHC") about the Lewises' refusal to accommodate his request for an emotional support dog. After learning that Mr. Purdom had contacted the AFHC, Mr. Lewis told Mr. Purdom that he could keep a dog after all, so long as he paid a $500 non-refundable pet deposit. Mr. Purdom refused this offer. Mr. Lewis then gave him a 10-day notice to vacate the property pursuant to Ark. Code Ann. § 18-16-101—which criminalizes a tenant's failure to pay rent—and returned Mr. Purdom's most recent rent check. (Mr. Purdom contends that he timely paid all rents owed to the Lewises.)

On June 13, 2016, Mr. Purdom initiated the instant lawsuit by filing a Complaint (Doc. 1) in this Court against the Lewises, as well as against the City Attorney for Mountain Home, Roger Morgan. Among other requested relief, the Complaint sought an injunction restraining Mr. Morgan from enforcing the aforementioned criminal eviction statute against Mr. Purdom, as well as a judgment declaring the statute unconstitutional under federal and state law. On July 6, 2016, Mr. Purdom and Mr. Morgan filed a Joint Motion for Preliminary Injunction and Stay (Doc. 22), which the Court granted two days later (Doc. 23). The Court's Order prohibited Mr. Morgan from enforcing the statute against Mr. Purdom during the pendency of this action.

On August 8, 2016, Mr. Purdom moved out of the property he had been renting from the Lewises. Two weeks later, he filed an Unopposed Motion for Declaratory and

Injunctive Relief against Mr. Morgan, seeking "a declaration that Ark. Code Ann. § 18-16-101 violates the United States Constitution and the Arkansas Constitution, and a permanent injunction enjoining Defendant Morgan from enforcing the statute." (Doc. 33, p. 1). Then, on September 29, 2016, Mr. Purdom settled all of his claims against the Lewises, and the Court dismissed those claims with prejudice (subject to the terms of the settlement agreement). *See* Doc. 38.

The Court held a hearing on Mr. Purdom's Unopposed Motion on October 14, 2016, at which time "the Court expressed concerns regarding whether this case [was] still justiciable under Article III of the United States Constitution, as well as whether it would be prudent for the Court to rule on [that] Motion as currently postured even if Article III justiciability still exists," given the non-adversarial posture taken by the sole remaining parties in the case. *See* Doc. 39, p. 1. Since issues of justiciability had not previously been briefed, the Court invited supplemental briefing on these matters from the parties. *See id.* at 1–2. "After receiving this supplemental briefing, *see* Doc. 41, and pondering the matter further, the Court decided to solicit *amicus curiae* briefing from the Arkansas Attorney General ('the AG') in defense of the challenged statute, in order to sharpen the presentation of the merits." (Doc. 45, p. 2).

The AG accepted the Court's *amicus* invitation on January 4, 2017, but directed the Court's attention to a bill which was then pending in the Arkansas General Assembly and which, if enacted, would substantially amend Ark. Code Ann. § 18-16-101. *See id.* The Court then entered a stay of this case "until the Arkansas General Assembly concludes its current legislative session or a law is enacted amending Ark. Code Ann. § 18-16-101, whichever is earlier." *Id.* at 4. The bill in question was enacted a month and

a half later as Act 159, to take effect on August 4, 2017. *See* Doc. 50, pp. 1–2. Accordingly, the Court lifted the stay and directed Mr. Purdom to file an amended complaint specifying what challenges he would make against Ark. Code Ann. § 18-16-101 in its pre-Act 159 form ("the Old Statute") and what challenges he would make against it in its post-Act 159 form ("the New Statute"). *See id.* at 2–3. Mr. Purdom complied, filing his Amended Complaint (Doc. 51) on March 13, setting forth challenges to both the Old and the New Statutes, and naming Mr. Morgan as the only defendant.

On May 8, Mr. Purdom filed a Motion for Summary Judgment, seeking "an order (i) declaring that § 18-16-101, both in its current form and as amended by Act 159, violates the state and federal constitutions and (ii) permanently enjoining Defendant Morgan from enforcing either version of the statute against him." (Doc. 53, p. 1). Once again, his Motion is unopposed by Mr. Morgan. In Mr. Morgan's stead, the AG has filed a Brief in Opposition, *see* Doc. 56, to which Mr. Purdom has replied, *see* Doc. 58. Importantly, the parties and the AG all agree now that with respect to the facts alleged in this particular case, Mr. Purdom could only be prosecuted under the Old Statute—not the New Statute. *See* Doc. 53-1, p. 13 ("[U]nder Arkansas law, Defendant Morgan can only prosecute Plaintiff Purdom under the current version of § 18-16-101, which was in effect in June 2016, and Morgan cannot prosecute Purdom under Act 159 once that law becomes effective."); Doc. 56, p. 12 ("Given the facts as alleged, Morgan could not prosecute Purdom under the 2017 statute—a fact that even Purdom concedes."[1]).

---

[1] Mr. Purdom expresses annoyance by the AG's choice of words here, *see* Doc. 58, pp. 1, 7 & n.1, because while Mr. Purdom has consistently maintained this position, the AG is only a recent convert to it, *see, e.g.*, Doc. 43 (Jan. 4, 2017 letter from the AG to the Court, contending that the then-pending amendment "would moot at least some, and possibly all, of the constitutional challenges levied in this case"). While Mr. Purdom's

4

"In general, a pending claim for injunctive relief becomes moot when the challenged conduct ceases and there is no reasonable expectation that the wrong will be repeated." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1024 (8th Cir. 2012). This is because a federal court "lack[s] jurisdiction over cases in which, due to the passage of time or a change in circumstances, the issues presented will no longer be live or the parties will no longer have a legally cognizable interest in the outcome of the litigation." *Id.* Here, the only "wrong" that Mr. Purdom alleges against Mr. Morgan is the threat of imminent prosecution for failure to vacate under the Old Statute. The Old and New Statutes both state that failure to vacate is a misdemeanor. *See* Ark. Code Ann. § 18-16-101(b)(1). Interestingly, the Arkansas Supreme Court has characterized an older version of the statute as a "violation," rather than as a misdemeanor. *See Duhon v. State*, 299 Ark. 503, 511 (1989). But regardless, the statute of limitations for prosecuting a "[m]isdemeanor or violation" in Arkansas is "one (1) year." Ark. Code Ann. § 5-1-109(b)(3)(A).

In Mr. Purdom's Amended Complaint and in his Statement of Undisputed Material Facts, he states that he "vacated the property on August 8, 2016." *See* Doc. 51, ¶ 27; Doc. 53-2, ¶ 14. Thus, it is now well over one year past the latest possible date when Mr. Purdom could have failed to vacate the Lewises' property. In other words, regardless of whether any crime was actually committed, the statute of limitations for prosecuting it appears to have run. Given this state of affairs, there is no reasonable expectation that

---

frustration is understandable, the Court would find it hard to fault the AG for initially erring on the side of caution, given that it had only recently been invited to join the case and was still in the process of familiarizing itself with the instant factual and legal landscape. But at any rate, the important thing here is that everyone now agrees that the Old Statute is the only statute under which Mr. Purdom could be prosecuted for failing to vacate the property he was renting from the Lewises.

5

Mr. Morgan will ever prosecute Mr. Purdom for failing to vacate the Lewises' property. Accordingly, Mr. Purdom's claims against Mr. Morgan are moot. And since their mootness deprives this Court of jurisdiction over them, *see Beaulieu*, 690 F.3d at 1024, the Court must dismiss them without prejudice instead of reaching their merits, *see Cnty. of Mille Lacs v. Benjamin*, 361 F.3d 460, 464–65 (8th Cir. 2004) ("A district court is generally barred from dismissing a case with prejudice if it concludes subject-matter jurisdiction is absent.").

**IT IS THEREFORE ORDERED** that Plaintiff Mitchell Purdom's Motion for Summary Judgment (Doc. 53) is **DENIED**.

**IT IS FURTHER ORDERED** that Mr. Purdom's claims against Defendant Roger Morgan are **DISMISSED WITHOUT PREJUDICE**. As no claims remain pending against any defendant in this case, judgment will be entered contemporaneously with this Order.

**IT IS SO ORDERED** on this 11th day of December, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE